## ERIE R. CO. v. KELLY.

(Circuit Court of Appeals. Third Circuit. February 26, 1925.)

No. 3255.

Ferries ⚖➙33—Negligence in leaving coal hole on ferry open and passenger's contributory negligence held, under evidence, question for jury.

Negligence of defendant company operating ferry in leaving coal hole open between gangways, where passengers were invited to enter, and plaintiff's contributory negligence, *held*, under evidence, for jury.

In Error to the District Court of the United States for the District of New Jersey; Wm. N. Runyon, District Judge.

Action by Julia A. Kelly against the Erie Railroad Company. Judgment for plaintiff; and defendant brings error. Affirmed.

Collins & Corbin, of Newark, N. J. (George S. Hobart, of Newark, N. J., and Edward A. Markley and Chas. W. Broadhurst, both of Jersey City, N. J., of counsel), for plaintiff in error.

Alex. R. De Sevo and Alex. Simpson, both of Jersey City, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Julia A. Kelly, hereinafter called plaintiff, brought suit and recovered a verdict against the Erie Railroad Company, hereinafter called defendant, for injuries caused by its alleged negligence while she was a passenger on the ferryboat it operated. On entry of judgment, defendant sued out this writ. The question involved is the refusal of the court to give binding instructions in defendant's favor, on the ground that no negligence on its part was shown, and that plaintiff was herself guilty of contributory negligence.

An examination of the record leads us to the conclusion that the proofs and circumstances detailed below were such as called for their submission to the jury to pass on the question of defendant's negligence and plaintiff's contributory negligence.

The defendant operated a ferryboat, and plaintiff regularly traveled on it from her home in New Jersey to her work in New York. On the morning of the accident, and usually, the boat was crowded at the rush hour when she crossed, and by direction of those overseeing the on-coming of passengers, she passed into one of the two vehicle gangways which extended through the length of the boat, and from it started to go to the ladies' cabin. Finding the latter crowded, and seeing two vehicles standing in the gangway on that side, she crossed over to the other gangway. Here she found substantially the same condition; that is, the men's cabin crowded, and two vehicles ahead of her in the gangway. Thereupon she started to return to the other gangway, but in doing so got further forward, fell into an open coal hole, and suffered the damages for which she sues.

The case centers around this open hole. On the part of defendant, it is contended plaintiff had no right to cross from one gangway to the other at the place she did, and that in any event she was guilty of contributory negligence in doing so, and carelessly walked into an open hole. On the other hand, plaintiff contends that, being directed to use either of the gangways, and it being a common practice for her and other passengers to go through them, the defendant had reason to expect passengers might, in the crowded condition of the boat, cross from one gangway to the other, and that it was not due care on its part to have an open coal hole in a place where passengers might so cross.

As to the location of the coal hole, the proofs show that the whole vehicular driveway at the end of the boat was a level floorway. This floorway continued to be level and unbroken as one went forward, but two gangways were formed by certain uprights along the center line of the boat and which were as follows: First, an upright column a couple of inches in diameter; then a windlass; then the inclosed steering trunk, with an attached metal ladder; then two more upright columns; after that the coal hole, which was provided with a cover. Beyond the coal hole was an inclosed ash hoist, and beyond that the housing which surrounded the machinery. So far as can be judged from the photographs and the proofs, the floorway from one gangway to the other was level and unobstructed around and between these several articles, and when the coal hole was closed there was no danger in passing from one gangway to the other. The boat was provided with chains, which, if used, would have prevented passengers from getting into the gangways, and there were also signs stating that passengers must not pass through them. On the other hand, the proof was that passengers were urged forward to use the gangways, and large numbers of them did so.

Under such circumstances, and no use of the retaining chains being made to keep people back, it would seem as though there were grounds for contending that it might reasonably be expected that people would be likely to pass from one gangway to another, and that they could safely do so. The steering gear, machinery, ash hoist, and coal hole were all safely protected, and with everything thus in a safe condition, and where passengers could only be injured by the vehicles, there were grounds for contending that when passengers were invited to enter the gangways—and this question of invitation we must assume as settled by the ver-

dict[1]—it was to be expected they might pass from one gangway to the other, because the interspace was normally safe to so use. And so it would seem to have been in the present case, had the cover provided for the coal hole been in place; and indeed defendant's lack of care was in failing to keep the hole covered. In that regard the proofs tended to show that on a previous trip another company had brought a load of coal on the boat and dumped it in the coal hole. There would seem to have been an overplus of coal, it had piled up on the sides of the hole, and the cover had not been returned to place. It would seem, also, to judge from the proofs, that it was assumed by the ferry people that those furnishing the coal would replace the cover; but the crew, so far as the proofs show, seem to have taken no care to see it was done.

The testimony, illustrated by the photographs, shows there was no artificial light about the hole, and that, while the artificial light was fairly good higher up, it was not so down near the hole. Without entering into further details we may say that sufficient has been shown to submit to the jury the question of the defendant's want of due care under the circumstances, and with it the alleged contributory negligence of the plaintiff.

This having been done in a proper charge, we find no error, and the judgment below is affirmed.